**FULLER BROTHERS, INC., Plaintiff,**

v.

**INTERNATIONAL MARKETING, INC. and U.S. Technology Corporation, Defendants.**

**INTERNATIONAL MARKETING, INC. Counterclaim Plaintiff,**

v.

**FULLER BROTHERS, INC. and Craig Fuller, Counterclaim Defendants.**

Civ. No. 93–1105–FR.

United States District Court, D. Oregon.

July 14, 1994.

Marvin S. Nepom, Portland, OR, for plaintiff/counterclaim defendants.

James M. Callahan, Callahan & Shears, P.C., Portland, OR, Mark A. Watkins, Oldham, Oldham & Wilson Co., L.P.A., Akron, OH, for defendant/counterclaim plaintiff Intern. Marketing, Inc.

## OPINION

FRYE, Judge:

The matter before the court is the motion of defendant International Marketing, Inc. for partial summary judgment (# 52).

## BACKGROUND FACTS

Plaintiff, Fuller Brothers, Inc. (Fuller Brothers), manufactures, sells and distributes "Tire Life," a liquid formula that extends the life of truck tires when it is placed inside the tires at the time they are mounted.

Defendant International Marketing, Inc. (International Marketing) manufactures, sells and distributes "Equal," a dry, powder-like formula that reduces vibration and eliminates radial and lateral force variation when it is placed inside the tires during the wheel-assembly balancing procedure.

Tire Life and Equal do not perform the same function, and they cannot be used in a truck tire at the same time.

In April of 1993, Fuller Brothers filed a complaint against International Marketing with the regional office of the Occupational Safety and Health Administration (OSHA) in Harrisburg, Pennsylvania. In the complaint filed with OSHA, Fuller Brothers asserted that the product Equal releases formaldehyde gas and presents a health hazard to workers removing vehicle tires for repair because the inert urea formaldehyde component of Equal continuously breaks down, emitting formaldehyde at levels far greater than 0.1 parts per million.

On September 7, 1993, Fuller Brothers filed the complaint in this case against International Marketing alleging a claim for the interference with business relationships or prospective advantage. International Marketing then filed an answer to Fuller Brothers' complaint and counterclaims against Fuller Brothers for violation of the Lanham Act, libel, and tortious interference with business.

On October 18, 1993, Robert M. Fink, Area Director of OSHA, wrote to International Marketing stating, in part:

> We have reviewed the EPIC/Applied Research data and the analysis of that data conducted by Clayton Environmental Consultants in which a rigorous evaluation of the sampling time periods was presented and it appears that formaldehyde would not be released in concentrations greater than 0.1 ppm based on an eight-hour time weighted average.
>
> Based on this information, labeling and material safety data sheet information currently being utilized by International Marketing, Incorporated appears to be appropriate.

Exhibit C to Memorandum in Support of Defendant's Motion for Partial Summary Judgment.

On February 3, 1994, Fink wrote International Marketing again stating:

> On January 25, 1994, this office received the final laboratory assessment of "EQUAL", conducted by Clayton Environmental Consultants, to determine the extent of formaldehyde content and potential for release of formaldehyde during normal conditions of use.
>
> Based on our review of these reports, the following conclusions are being derived:
>
> ● The percent formaldehyde contained in the solid "EQUAL" of 0.00084% is several orders of magnitude less than the trigger level of 0.1% for Labeling and Material Safety Data Sheet (MSDS) requirements of OSHA Standards 29 CFR 1910.1048 and 29 CFR 1910.1200, based on the 8.4pg of formaldehyde released per gram of "EQUAL".

• The potential release of formaldehyde from "EQUAL" under reasonably foreseeable conditions of use is below the trigger levels of O.1ppm and 0.5ppm, eight-hour average potential exposure for Labeling and Material Safety Data Sheets (MSDS), required by 29 CFR 1910.1048 and 29 CFR 1910.1200. This conclusion is based on the HEADSPACE ASSESSMENT data which indicated theoretical eight-hour concentrations of 0.0015ppm to 0.05ppm and the EXPOSURE ASSESSMENT data which quantified TWA exposure concentrations of 0.03ppm–0.05ppm formaldehyde.

With this information we feel that this complaint can be closed.

Thank you for your continued concern for occupational safety and health matters.

*Id.* at Exhibit D.

## CONTENTIONS OF THE PARTIES

International Marketing moves the court for the entry of judgment in its favor and against Fuller Brothers on the claim for the interference with business relationships or prospective advantage. International Marketing asserts that the OSHA findings establish that Fuller Brothers cannot prevail as a matter of law. In addition, International Marketing asserts that Fuller Brothers has failed to establish that International Marketing intentionally interfered with its business relationships.

Fuller Brothers contends that the OSHA findings were not made in a judicial capacity with an opportunity for the parties to litigate disputed facts and do not preclude the parties from litigating the issues in this case. Fuller Brothers argues that it has alleged in the complaint a claim for the intentional interference with business relationships with improper motives or by improper means and ensuing damages. Fuller Brothers asserts that it is, therefore, entitled to a determination by the finder of fact.

## APPLICABLE STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens,* 533 F.2d 429, 432 (9th Cir.1976).

## ANALYSIS

### 1. *Issue Preclusion*

When an administrative agency properly resolves disputed issues of fact which the parties have had an opportunity to fully present to the administrative agency, the courts have not hesitated to apply the doctrines of claim preclusion or *res judicata. United States v. Utah Constr. and Mining Co.,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–60, 16 L.Ed.2d 642 (1966). The record in this case is not adequate for this court to conclude that the parties have had an opportunity to fully present to the administrative agency the disputed issue relating to formaldehyde.

### 2. *Intentional Interference with Business Relationships*

In order to state a claim for the intentional interference with business relationships, Fuller Brothers must establish 1) a contract or a reasonable expectancy of economic advantage; 2) knowledge of such contract or expectancy; 3) intentional interference with the contract or expectancy; 4) improper means or motive wrongful by some measure beyond the fact of the interference itself; and 5) damage as a result. *See Leaco Enters. v. General Elec. Co.,* 737 F.Supp. 605, 609 (D.Or.1990).

International Marketing argues that there is no allegation of improper motive or intent in International Marketing's development and marketing of Equal to support a

claim for the intentional interference with business relationships. International Marketing further argues that there is no causation between the actions of International Marketing in developing and marketing Equal and any injury sustained by Fuller Brothers. International Marketing asserts that Fuller Brothers has sustained no injury from the actions of International Marketing in the marketing of its product to the public.

In response to the motion for partial summary judgment, Fuller Brothers argues that the allegations in the complaint are adequate and the court should deny the motion.

In paragraph 9 of the complaint, Fuller Brothers alleges:

Defendants have and are intentionally interfering with plaintiff's business relationship with distributors, sellers and end users of plaintiff's product, "Tire Life," with improper motive or by using improper means, to wit:

(a) Altering the information of the "Equal" MSDS eliminating all reference to the release of formaldehyde and hazardous byproducts from the "Equal" formula when used in the manner promoted by defendants inside truck tires at time of mounting;

(b) Designing, conducting and publishing tests that fail to accurately measure formaldehyde and hydrogen cyanide as byproducts of "Equal" when used in the manner promoted by defendants;

(c) In testing the "Equal" formula in its inert state and not testing "Equal" for the release of byproducts including formaldehyde under simulated truck tire (its intended use) operating conditions;

(d) In advertising and marketing "Equal" as [a] non-toxic, non-hazardous product when, in fact, when used as intended, "Equal" exceeds OSHA formaldehyde emission regulations;

(e) By exposing members of the public, particularly those engaged in dismounting truck tires, to non-permissible exposure levels of formaldehyde;

(f) In providing misleading information to OSHA of the state of Pennsylvania;

(g) In failing to warn that urea formaldehyde, a component of the "Equal" dry polymer formula when used in a reasonably forseeable manner as when formulated, manufactured, distributed and sold would not remain in an inert state and that as truck tire temperatures elevate, formaldehyde would be released from the "Equal" product, trapped inside the truck tire air chamber, and result in exposure to the carcinogenicity of formaldehyde at the time of dismounting a truck tire that had "Equal" placed in it.

*Id.,* pp. 3–4.

Fuller Brothers must offer facts to the court and cannot rely upon the allegations in its complaint to defeat a motion for summary judgment. There is no evidence in this record as to how Fuller Brothers was or is injured by the improper means or motive of International Marketing in the marketing of Equal. However, Fuller Brothers does attach to its response to the motion for summary judgment a letter dated April 18, 1994 written by counsel on behalf of Fuller Brothers to OSHA, which explains:

Fuller Brothers remains very concerned about the Equal product. As I have previously explained, Fuller Brothers is not a direct competitor in the market that Equal fills—Fuller Brothers sells no competing tire balancing product. However, Fuller Brothers is particularly concerned about the potential misuse of Equal in conjunction with tire conditioning products it sells and with bead lubricants sold by other companies. Tire conditioners are water-based products applied to the interior of truck tires. Bead lubricants are also water based.

Although applied only to the bead, application often results in spillage of some product into the tire. Everything that has been learned thus far about Equal indicates that its urea formaldehyde resin breaks down through hydrolysis in the presence of water. Water is already present in tires, whether or not these additional water-based products are used, through the moisture in the air installed into the tire and through condensation. All the tests on which Mr. Dunder relies in his

report demonstrate that this process is occurring in tires without these additional products.

However, Fuller Brothers is concerned that the breakdown of Equal will be even further enhanced if Equal and these water-based products are mistakenly applied to the same tire....

Exhibit A to Plaintiff's Response, pp. 2–3.

In addition to the letter from counsel for Fuller Brothers to OSHA, Fuller Brothers submits as evidence the report of Ken Dunder. Fuller Brothers hired Dunder to review materials submitted by International Marketing to OSHA relating to Equal. Dunder disagrees with the conclusions of OSHA as stated in the letters dated October 18, 1993 and February 3, 1994 from OSHA to International Marketing. Dunder concludes that "Equal is clearly capable of releasing formaldehyde in the air, under reasonably forseeable conditions of use, at concentrations reaching or exceeding 0.1 ppm based on an 8–hour Time Weighted Average." Exhibit C to Plaintiff's Response, p. 3.

There is a dispute between these parties as to the safe use of Equal. OSHA is involved in the dispute. This court concludes that the facts surrounding this dispute cannot support a claim for the tort of the intentional interference with economic advantage.

## CONCLUSION

The motion of International Marketing for partial summary judgment (# 52) is granted.